IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CREON D. FAISON,

                  Petitioner,

    v.                                   CASE NO.11-3033-RDR

COL. ERIC R. BELCHER, et al.,

                  Respondents.


### MEMORANDUM AND ORDER

Petitioner was convicted by general court-martial on charges involving sexual offenses against his step-daughter. A military judge sitting alone convicted petitioner of all offenses but for sodomy of a child under 12 years old and certain indecent acts with the body of a child under 16 years old. The sentence imposed included 35 years of confinement, a dishonorable discharge, forfeiture of all pay and allowances, and a reduction in grade. The convening authority approved the sentence as adjudged, waiving forfeitures for six months to be paid to petitioner's dependents.

The Air Force Court of Criminal Appeals (AFCCA) affirmed petitioner's conviction and sentence, and the Court of Appeals for the Armed Forces (CAAF) denied review. *U.S. v. Faison*, 2010 WL 2265833 (A.F.Ct.Crim.App., April 19, 2010)(unpublished), *rev. denied*, 69 M.J. 209 (U.S. Armed Force, July 28, 2010).

Having carefully reviewed the record which includes respondents' supplemented answer and petitioner's traverse to respondents' original answer, the court denies the petition.

*Standard of review*

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Federal courts, however, have only limited authority to review decisions made by courts-martial. *Burns v. Wilson*, 346 U.S. 137, 138-42 (1953). This review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir.1993), *cert. denied*, 510 U.S. 1091 (1994). *See Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir.2010)(federal court "is to determine whether the military have given fair consideration to each of the petitioner's claims"). If so, a federal court does not reach the merits and should deny the petition. *See Roberts v. Callahan*, 321 F.3d 994, 995-96 (10th Cir.)(citing *Lips*), *cert. denied*, 540 U.S. 973 (2003). "Only when the military has not given a petitioner's claim full and fair consideration does the scope of review by the federal civil court expand." *Lips*, 997 F.2d at 811. *See Burns*, 346 U.S. at 142 (district court empowered to conduct de novo review if military courts manifestly refused" to consider petitioner's claims).

Generally, an issue is considered to have been given "full and fair consideration" when it has been briefed and argued, even if the military court summarily disposes of the matter. *Roberts*, 321 F.3d at 997; *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986). The fact that the military court did not specifically address the issue in a written opinion does not

2

establish that an issue was not given appropriate consideration. *Lips*, 997 F.2d at 812, n.2. And if a claim was not presented to the military courts, a federal habeas court is to consider the claim waived and not subject to review. *Watson*, 782 F.2d at 145.

The petitioner bears the burden of showing that the military review was "legally inadequate" to decide his claims. *Watson*, 782 F.2d at 144 (citing *Burns*, 346 U.S. at 146). Absent such a showing, the federal court cannot reach the merits.

In the Tenth Circuit, "review by a federal district court of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards." *Lips*, 997 F.2d at 811(*citing Dodson v. Zelez*, 917 F.2d 1250, 1252–53 (10th Cir.1990)). Cases applying this four-part test have emphasized the fourth condition as being the most important consideration. *Thomas*, 625 F.3d at 671.

*Petitioner's Claims and Pending Motions*

Petitioner filed the instant petition seeking a writ of habeas corpus on three grounds. He first claims the military judge violated petitioner's right to due process and a fair trial by allowing a video of the victim's unsworn statements to be considered. Second, petitioner contends the charges against him were multiplicitous, in violation of the Double Jeopardy Clause.

3

And third, petitioner maintains the evidence was legally and factually insufficient to support his conviction.

After filing his traverse to respondents' answer, petitioner submitted two motions which the court denies.

In his motion for vacation of his court-martial conviction, petitioner asserts new grounds for relief.[1]  Relying on *U.S. v. Fosler*, 70 M.J. 225 (2011), a case decided well after petitioner's court-martial conviction became final, petitioner claims his conviction should be vacated because respondents failed to state an offense and provide constitutionally required fair notice, and because the military judge failed to properly instruct the jury on the terminal elements of the charges.

The court liberally construes this pro se motion as an attempt to amend the petition to assert additional claims, and denies this request.  Amendment of the petition would be futile where petitioner clearly waived military consideration of these claims by never presenting them to the military courts, *see Watson*, 782 F.2d at 145, and where there is no discernable legal basis for application of *Fosler* to petitioner's case.

Petitioner also seeks appointment of counsel.  Petitioner has no constitutional right to the appointment of counsel in a federal habeas corpus action.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir.1989).

---

[1] Relying on *U.S. v. Fosler*, 70 M.J. 225 (2011), a case decided well after petitioner's court-martial conviction became final, petitioner claims his court-martial conviction should be vacated because respondents failed to state an offense and provide constitutionally required fair notice, and because the military judge failed to properly instruct the jury on the terminal elements of the charges.

4

Considering petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir.1991)(factors to be considered in deciding motion for appointment of counsel).

## Discussion

Assuming petitioner's first ground involves only consideration of the victim's video statements during petitioner's Article 32 hearing,[2] the record fully reflects that all three grounds in the petition were presented to the military courts for their consideration and decision.

<u>Video Statement and Sufficiency of the Evidence</u>

In his direct appeal, petitioner claimed the Investigating Officer ("IO") at the Article 32 hearing erred in considering, over defense objection, the video of an interview between the victim and Child Protective Services. At trial, petitioner argued a new Article 32 hearing was required to cure this alleged defect. The military judge denied that request, finding no abuse of discretion in the IO's determination that the complaining witness was unavailable and that her statement in the taped interview was a sufficiently sworn statement under the circumstances. The AFCCA upheld the military judge's decision finding the IO properly

---

[2] Petitioner's first ground states in part that he was denied due process and a fair trial "by allowing erroneously unsworn video statement and written statement into trial." (Petition, Doc. 1) In his appeal to the AFCCA, petitioner separately claimed his written confession was coerced and involuntary, a claim the AFCCA addressed and rejected. In the instant habeas action petitioner did not separately raise or argue any claim regarding the admission of his written confession.

5

considered the victim's videotaped statement.

Also in his direct appeal, petitioner challenged the sufficiency of the evidence presented against him. Petitioner maintained there was no physical evidence of rape, the evidence against him was fabricated, and trial counsel relied exclusively on evidence the military judge had ruled inadmissible in court.[3] Itemizing petitioner's written and verbal confessions, and the victim's testimony under oath at trial, the AFCCA rejected petitioner claim that the evidence against him at trail was legally or factually insufficient to support his conviction.

The CAAF denied review on both claims, and denied petitioner's motion for reconsideration. Petitioner raised both claims again in his subsequent petition for extraordinary relief, which the CAAF summarily denied. The record thus establishes that petitioner presented these two claims to the military courts for consideration, and there is no showing that the military courts failed to adequately review petitioner's claims under proper legal standards.

<u>Double Jeopardy</u>

Petitioner raised his double jeopardy claim and supporting argument for the first time in his petition to the CAAF for extraordinary relief. The summary denial of that petition reflected the military court's consideration of the materials submitted by petitioner, which is sufficient under the circumstances to establish full and fair consideration by the military courts of petitioner's

---

[3]Contrary to the record, petitioner consistently maintains the military judge ruled the video statement was inadmissible in the Article 32 hearing as unsworn testimony. Petitioner mistakenly relies, however, on language contained in unsigned *proposed* orders submitted with defense motions, and not on the signed order entered by the military judge.

6

double jeopardy claim.[4]

Moreover, there is no showing that CAAF's summary rejection of petitioner's double jeopardy claim was inconsistent with the test stated in *Blockburger v. United States*, 284 U.S. 299 (1950), for determining if charges are multiplicitous such that they violate the Double Jeopardy clause.

## Conclusion

The court thus finds the three grounds in the petition were fully and fairly considered by the military courts, and finds petitioner has not sustained his burden of demonstrating that military review of these grounds was "legally inadequate." Under the narrow standard of review governing this action, review of the merits of petitioner's claims by this court is barred. The petition is accordingly denied.

IT IS THEREFORE ORDERED and that petitioner's motion for

---

[4] Although respondents argue in the alternative that petitioner waived military review by failing to raise this issue in his direct appeal, the court is more inclined to view the record in this case as demonstrating the military court's full and fair consideration of petitioner's double jeopardy claim. There is nothing to indicate the CAAF declined the petition on procedural grounds, and courts have treated petitions to the military courts outside the direct appeal as constituting full and fair consideration of an issue raised in such a petition. *See e.g.*, *Thomas*, 625 F.3d at 670 (remand to district court for consideration of military court's review of claims raised for first time in post-appeal petition for writ of error coram nobis). *See also United States v. Denedo*, 556 U.S. 904 (2009)(Article I military courts have jurisdiction to entertain a petition for writ of error coram nobis challenging an earlier final decision affirming a criminal conviction).
Nonetheless, even if the CAAF's summary decision were to be treated as constituting a summary rejection of this claim on procedural grounds, there is no showing to overcome petitioner's procedural default in presenting this claim in his direct appeal. *See Lips*, 997 F.2d at 812 (applying the traditional "cause and prejudice" standard to procedural default by a military petitioner seeking federal habeas relief).

appointment of counsel (Doc. 11) and motion for vacation of this case (Doc. 13) are denied.

    IT IS FURTHER ORDERED that the petition is denied, and this matter is dismissed.

    DATED: This 3rd day of July 2012, at Topeka, Kansas.


                                      s/Richard D. Rogers
                                      RICHARD D. ROGERS
                                      United States District Judge